UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

JAMES M. BEHRNES

CRIMINAL ACTION

NO. 11-157-JJB

**RULING ON MOTION TO SUPPRESS**

This matter is before the Court on a Motion to Suppress (doc. 8) filed by the Defendant. The Government filed an opposition (doc. 10) and a hearing was held on March 13, 2012. After the hearing, Defendant (doc. 17) and the Government (doc. 18) filed further briefs. After carefully considering all the briefs and the testimony at the hearing, the motion is DENIED.

On January 23, 2011, the Defendant was travelling westbound on Louisiana state highway 63 in East Feliciana Parish. State Troopers Jeremy Ballard and Shannon Simpson were conducting speeding enforcement in the area (in separate vehicles but travelling together) when Ballard clocked the Defendant's Chevy Avalanche at 87 m.p.h. in a 55 m.p.h. zone. After seeing the blue lights, Defendant immediately pulled over at the next crossroad. Upon request of Ballard, Defendant stepped out of the truck and met Ballard at the rear. Defendant had his license and presented it to Ballard at that time. When Ballard requested his proof of insurance and registration, Defendant informed him it was in the vehicle. Before allowing him to go back to the vehicle, Ballard

asked if there were any weapons in it. Defendant said there were several. Ballard asked if he could secure the weapons before allowing Defendant to return to the vehicle. Defendant said he could. Ballard and Simpson approached the vehicle and found four rifles and one pistol in the back seat. The troopers claim they were in plain view from outside of the window. After putting the handgun in his patrol car, Ballard told Defendant to remain at the rear of his vehicle while he ran a license check. The check revealed that Defendant had a prior conviction for cultivation of marijuana. As this was a felony, Ballard detained Defendant for being a felon in possession of a firearm. At this time, Ballard read Defendant his *Miranda* rights. Defendant brought this motion, claiming Ballard conducted an illegal search of the vehicle and that his consent was not freely given.

The parties agree that *Terry v. Ohio* governs this situation. 392 U.S. 1 (1968). Under *Terry*, an investigatory stop is evaluated in two parts: first, whether the officer's action was justified at its inception and second whether the officer's subsequent actions were reasonably related in scope to the circumstances that justified the stop. *Id* at 20. In judging the reasonableness of an officer's conduct, the Court notes that the balance is weighed in favor of police where there is an objectively reasonable belief that the suspect is potentially dangerous. See *Michigan v. Long*, 439 U.S. 1032, 1051 (1983).

The parties agree that Trooper Ballard's action in stopping Defendant was justified at its inception. It is the reasonableness of the subsequent action—asking about weapons and then searching the vehicle upon receiving consent—that is at issue. The Court finds these actions were reasonable. Ballard testified that there is no such thing as a routine stop[1] and that in the rural parishes he routinely patrols, it is very common for people to carry firearms. He testified that, for this reason, he does not let anyone return to their vehicle without asking first whether there are weapons in the vehicle, regardless of age, sex, or race. (Doc. 14 at 32). He stated he has arrived at this policy through on-the-job experience. *Id*. After asking the Defendant if there were weapons in the car, Defendant said there were. At that time Ballard asked if he could secure them for the duration of the stop. Defendant consented. While he could have said no, he did not. Defendant contends he should have been read his *Miranda* rights before being asked the question. However, as there was no full custodial arrest, *Miranda* had not been triggered. The Court notes that none of this would have happened had Defendant simply had his registration and proof of insurance with him when he exited the vehicle. As there would then have been no need to return to the vehicle, the weapons question would not have been asked. And while this irony is cruel, it does not change the fact that the officers' actions during the stop were both justified and reasonable under *Terry*. The motion to suppress is DENIED.

---

[1] Defendant interprets the "no such thing as a routine stop" as an indication that there is no set procedure for traffic stops and that Ballard was essentially freelancing. The Court disagrees with this interpretation.

Signed in Baton Rouge, Louisiana, on June 8, 2012.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**